REQUESTED BY: Senator James E. Pappas Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Pappas:
You have asked our interpretation of Neb.Rev.Stat. 76-1002
(Reissue 1981), as amended by LB 679 in 1984. You asked for the reason that you will introduce corrective legislation if our interpretation does not conform to your intention. That section now reads:
 Transfers in trust of real property may be made to secure (1) existing debts or obligations created simultaneously with the execution of the trust deed, (2) future advances necessary to protect the security, (3) any future advances to be made at the option of the parties, or (4) the performance of an obligation of any other person named in the trust deed to a beneficiary. All right, title, interest, and claim in and to the trust property acquired by the trustor, or his or her successors in interest, subsequent to the execution of the trust deed, shall inure to the trustee as security for the obligation or obligations for which the trust property is conveyed in like manner as if acquired before execution of the trust deed.
The underlined material was added by LB 679. As we understand your question, you wonder what future advances will be given priority over lines arising after the filing of the trust deed.
It appears to us that, if authorized in the trust deed itself, any future advances, to the extent authorized, will have priority as of the date of the filing of the trust deed, and hence will take priority over liens arising after the failing of the trust deed but before the future advances are made.
We believe that it is clear that in order for `future advances to be made at the option of the parties' to be covered by the lien of the trust deed, the transfer in trust must have been `made to secure' such future advances. If future advances are not mentioned, the trust deed was not made to secure them, and no lien arises. If they are provided for in the deed, they will become liens, with priority as of the filing of the deed, subject to any limitations contained in the deed.
Neb.Rev.Stat. § 76-238.01 (Reissue 1981) provides for the lien of future advances on real estate mortgages, and apparently requires the mortgage to contain limitations on the amount or percentage of future advances. Since that language was not contained in LB 679, it does not apply to trust deeds under § 76-1002.
Our court has upheld the propriety of creating liens for future advances. In O'Neill Production Credit Associationv. Mitchell, 209 Neb. 206, 307 N.W.2d 115 (1981), the court said:
 Although mortgage clauses which undertake to secure subsequent debts are not favored in equity and are carefully scrutinized and strictly construed, they will, in the absence of other legal prohibition, be enforced to the extent they are determined to have been within the intent of the parties.
We therefore conclude that future advances authorized by the trust deed will have priority over interests in real estate perfected between the time of the filing of the trust deed and the future advance. As we understand your letter, that was your intention, in supporting LB 679.
We understand that one of your concerns is for the situation where a trust deed is taken to secure a promissory note given at the time of the execution of the trust deed, which deed provides for optional future advances. Later the borrower wants additional money, so the original note is marked `paid in full,' and a new note is executed for the balance due on the old note, plus the additional funds borrowed. Your question is whether § 76-1002, as it now reads, gives the new note lien priority as of the original filing of the trust deed.
We will not undertake to advise lending institutions or their attorneys how to protect themselves in this situation, but we think it can be done without further amendment of the statute. Probably the new note should contain some recitation to the effect that it was a renewal of the old note, plus an additional advance, to make it clear that it was not an entirely new transaction. The decision of exactly how to handle this is one for the attorneys for the lender, but we do not believe any additional legislation is necessary to permit this result to be obtained.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General